UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY E. MARTIN,<br><br>      Petitioner,<br><br>vs.<br><br>WARDEN RANDY VALLEY,<br><br>      Respondent. | Case No. 1:23-cv-00362-CWD<br><br>**INITIAL REVIEW ORDER** |

  Petitioner Jeffery E. Martin filed a Petition for Writ of Habeas Corpus challenging a 2022 parole revocation that arose from his 2017 conviction in State Case No. CR-01-16-37189 ("the 2017 case") and an alleged sentence extension from his 1996 conviction in State Case No. CR-1995-4925 ("the 1996 case"). *See* Dkt. 3; *see* Exhibit to this Order (Idaho Supreme Court Register of Actions in the 2017 case and the 1996 case). He has also filed a Motion for a Preliminary Injunction and an Emergency Motion for Court Order. Dkts. 6, 10.

  Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that the custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine

**INITIAL REVIEW ORDER - 1**

whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

## BACKGROUND

In the 2017 case, Petitioner pleaded guilty to and was convicted of the crime of possession of a controlled substance ("possession") in the Fourth Judicial District Court in Ada County, Idaho. He was sentenced to an incarceration term of one year fixed, with six years indeterminate. Dkt. 3, p. 1. Petitioner explains that he "was convicted of a single charge; however, the habeas petition relates also to a prior conviction." *Id*.

Petitioner is referencing his 1996 conviction for attempted sexual abuse of a child under age 16. In the 1996 case, the plea agreement stated that Petitioner would not have to register as a sex offender. Dkt. 3-1, p. 6. Petitioner completed his sentence for the 1996 conviction, but now asserts that, "19 years later the State of Idaho reopened the case by altering the sentencing resulting in five (5) years and five (5) months of incarceration based solely upon the conviction for which the sentence had previously been served in full without benefit of due process." Dkt. 3, p. 2. However, there is no evidence in the record to support that assertion. Nothing in the 1996 case Register of Actions shows that

**INITIAL REVIEW ORDER - 2**

his sentence was altered or "extended." Nor has Petitioner produced an amended judgment in that action.

Here, Petitioner clarifies that he is not challenging the fact of his 2017 conviction. Rather, "the issue at hand herein results from conditions of parole and parole revocation." Dkt. 3, p. 2.

When Petitioner completed the determinate portion of his 2017 possession conviction, he was first eligible for parole. Petitioner was denied parole, because the Idaho State Commission of Pardons and Parole (ICPP) required him to complete a nine-month-long sex offender program in prison, due to his sex offense history. After he completed the program one year later, he was released on parole, but he was forced to accept "special" conditions of parole that are "normally associated with sex offender parole." Dkt. 3-1, pp. 6-7.

In 2022, Petitioner was charged with several parole violations based upon the "special conditions" that he asserts "could not legally have been imposed." *Id*. He asserts that he was found guilty of those special conditions, and his parole was revoked. *Id*.

Petitioner provides the following factual assertions to support his claim of wrongful parole revocation. He asserts that the State several times changed the parole officer to whom he reported. Some of the parole officers told him he could not have a cell phone and a computer because, due to his 1996 sex offense, he was under more

**INITIAL REVIEW ORDER - 3**

restrictive sex offender terms. Other parole officers told him that he was not under such restrictions.

The "Parole Violations Findings" document shows that, at the 2022 hearing on multiple parole violations, the parole hearing officer found him guilty of several violations: using "ecstasy," an illegal substance, and marijuana, Dkt. 3-2, pp. 10-11; not following the aftercare plan recommended by IDOC, including participating in sex offender treatment, *id*., p. 11; associating with a minor child without the presence of another adult, *id*., p. 12; and viewing pornography, *id*., pp. 12-13.

The parole hearing officer also found him *not* guilty of two parole violation charges because neither was a condition of his parole agreement: being in possession of a computer and having unrestricted access to the Internet, *id*., p. 13; and failing to register as a sex offender, *id*., pp. 13-14.

As a result of the guilty findings, Petitioner's parole was revoked in the 2017 case and he was returned to prison. *See id*., pp. 14-15. Currently, Petitioner's full-term release date is set for November 7, 2023. Dkt. 10, p. 2.

The Court will now review the claims raised in the federal Petition for Writ of Habeas Corpus and the procedural issues evident from the Petition. The Court first addresses a procedural issue, next addresses claims arising from the 2017 possession conviction, and last addresses claims arising from the 1996 sex offense conviction.

**INITIAL REVIEW ORDER - 4**

## PROPER RESPONDENT

The term *habeas corpus*, translated from Latin, means "produce the body." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Thus, a jurisdictional requirement for habeas corpus actions is the naming of a proper respondent—one who has the power to produce the petitioner if a writ issues. In a circumstance where the petitioner is in custody, the proper respondent is the warden of the facility where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). A parole commission is not considered a custodian, despite its power to release the petitioner. *Birmingham*, 982 F.2d at 379 (citing *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir. 1986).

Here, Petitioner is incarcerated. Thus, his warden is the correct respondent, not the ICPP. All claims against the ICPP will be dismissed.

## THE 2022 PAROLE REVOCATION CLAIMS

As a threshold matter, habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b).

**INITIAL REVIEW ORDER - 5**

State remedies are technically but improperly exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim is also improperly exhausted if a petitioner pursued it on federal grounds in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under either circumstance, the claim is "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

The record reflects that Petitioner did not exhaust his state court remedies as to his 2022 parole claims arising from his 2017 conviction before filing his federal Petition. Rather, in 2022, Petitioner filed in the 1996 case a "Motion for Correction of Sentence" that addressed the 1996 conviction and its five-year sentence. The state district court summarily denied the motion, because it was untimely and the court no longer had jurisdiction. To the extent that Petitioner's motion challenged a requirement to register as a sex offender, the state court determined that was an ancillary matter that could not be heard in the original criminal case. Dkt. 3-2, p. 16. Petitioner was unable to complete his appeal in the 1996 case because he was denied in forma pauperis status. *See* Dkt. 3-2, pp. 32, 55.

**INITIAL REVIEW ORDER - 6**

Here, Petitioner attempts to tie together the 2022 parole revocation and the 1996 case by asserting that, because he was required to take a sex offender program for one year before he was deemed eligible for parole on the 2017 possession conviction, in effect, his 1996 conviction was "extended" for one year. However, filing a "motion to correct a sentence" in the 1996 case did *not* serve to exhaust the claims arising from the 2022 parole revocation. When Petitioner filed his motion for correction of sentence in the 1996 case, the challenge was confined to that conviction, sentence, and case. Neither a sex offender registration claim nor a 2022 parole revocation claim could be raised properly in a closed criminal case. The Court sees no other reference in the record showing that Petitioner attempted *proper* presentation of his 2022 parole revocation claims to the Idaho Supreme Court.

Accordingly, all claims arising from the 2022 revocation appear subject to dismissal without prejudice to Petitioner attempting to exhaust them in state court, unless he can show that (1) all avenues to exhaust these claims in state court are now closed, and (2) a legal excuse for his procedural default applies (see above). The Court will permit Plaintiff to respond to this Order with evidence and argument supporting either showing.

## THE 1996 SENTENCING CLAIMS

To the extent that Petitioner attempts to challenge the 1996 sentencing claim here, such a claim fails to state a federal claim upon which relief can be granted, for the following reasons. Petitioner asserts that the "extra year" he was required to spend in a

**INITIAL REVIEW ORDER - 7**

sex offender program before qualifying for parole in his 2017 possession case should be construed as an extension of his 1996 sentence. That argument is unsupported by the record. As noted above, nothing in the 1996 case Register of Actions shows that Petitioner's sentence was "extended."

Rather, the "extra year" is referrable only to the time *it took to qualify for parole* under the *2017* conviction and sentence. During the "extra year" Petitioner was in prison qualifying for parole, he actually was being held pursuant to a valid judgment in the 2017 case.[1]

The ICPP is permitted to look back at a potential parolee's history and recommend rehabilitative programming it deems necessary to prepare the potential parolee for re-entry into society, so long as adequate notice of the reasons for doing so are provided to the potential parolee and doing so does not constitute punishment. *See Neal v. Shimoda*, 131 F.3d 818, 827, 833-34 (9th Cir. 1997) (civil rights context) (holding that it is "certainly not punishment" to deny an inmate parole after proper classification as a sex offender so they can participate in a treatment program; and that, if potential parolees have been convicted in the past of a sex offense, they have been given all the notice they

---

[1] There is "no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *See Swarthout v. Cooke,* 562 U.S. 216, 220 (2011); *Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987). Therefore, an inmate can bring a procedural due process challenge to a parole denial decision only when there is a *state-created* liberty interest in parole. *Swarthout*, 562 U.S. at 220. In *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court held that, in Idaho "parole is not an automatic right or liberty interest." *Id*. at 908.

**INITIAL REVIEW ORDER - 8**

are due before being labeled a "sex offender"). Being labeled a "sex offender" in a rehabilitation and parole setting does not raise a custody challenge cognizable on habeas corpus review, *see id.*; whether state officials also required Petitioner to register as a sex offender is not cognizable in a habeas corpus action (unless convicted of the crime of failure to register), but may be brought in a civil action in state or federal court. *See McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999).

Even if Petitioner could show a legal excuse for the procedural default of his claims based on the 1996 conviction (such as denial of in forma pauperis status), there is no factual or legal basis to support Petitioner's assertion that an "extra year" was added to his 1996 sentence under these circumstances. Therefore, his claim is subject to dismissal for failure to state a claim upon which relief can be granted or denial on the merits.

## LIMITED HABEAS REMEDY AND EMERGENCY MOTIONS

Petitioner seeks an order that he be removed from Idaho's sex offender registry. As noted above, this is not an available remedy in a habeas corpus action. Neither can Petitioner seek to recover the computer and telephones that were seized by parole officers. "If a state prisoner is ... attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release," his cause of action falls outside "the traditional purpose of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

**INITIAL REVIEW ORDER - 9**

Petitioner also seeks an emergency court order prohibiting the Idaho Department of Correction (IDOC) from disposing of his seized cellular telephone. Dkt. 10. However, a habeas corpus court has jurisdiction over only claims that challenge the fact or duration of confinement, and return of a telephone is not within the bounds of the statute. "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology v. Queen's Medical Center*, 810 F.3d 631, 633 (2015). Accordingly, the motion is subject to denial without prejudice.

Petitioner also filed a Petition for Emergency/Expeditious Hearing. Dkt. 6. However, no hearing is necessary, because it appears that the Petition is subject to dismissal and/or denial for the reasons set forth above. This request will be denied as moot.

## CONCLUSION

Even though parole officers and officials may have mixed up the consequences of the 1996 and 2017 sentences, there is nothing showing that the 1996 case judgment was implicated or altered, as Petitioner asserts. Therefore, no cause of action lies in habeas corpus.

Petitioner cannot use his state court challenge in the 1996 case as proof of exhaustion for his 2022 parole revocation, because challenges to the parole revocation

were not properly brought in the 1996 case. Unless Petitioner shows that he has properly brought the 2022 parole revocation claims before the Idaho Supreme Court, those claims in this Court must be dismissed without prejudice on failure to exhaust grounds.

Finally, Petitioner's assertion that the Idaho Supreme Court prevented him from properly bringing his 2022 parole revocation claims because it denied his in forma pauperis application in the 1996 case is irrelevant to claims challenging his 2022 parole revocation; the 2022 claims were not properly brought in the 1996 case.

Therefore, all claims arising from the 1996 case appear subject to dismissal with prejudice, and all claims arising from the 2017 case or 2022 parole revocation appear subject to dismissal without prejudice. Petitioner may respond to this Order showing that he should be permitted to proceed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

2. Petitioner cannot proceed on any of his claims. He may file a response to this Order showing entitlement to proceed on one or both categories of claims within 60 days after entry of this Order. Failure to file a timely

response will result in dismissal and/or denial of this case without further
notice.

3.      Petitioner must file a change of address notice upon being release from
prison.

4.      Claims against the Idaho Commission of Pardons and Parole are
DISMISSED without prejudice, and that entity is terminated as a party to
this action.

5.      Petitioner's "Petition for Emergency/Expeditious Hearing" (Dkt. 6) is
DENIED as MOOT.

6.      Petitioner's Emergency Motion for Court Order by Petitioner (Dkt. 10) is
DENIED.


DATED: October 10, 2023

Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 12**